# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| VASILIY EVSTEGNEEV, #1476263 | * | |
| Petitioner | * | |
| v. | * | Civil Action No. JKB-17-1659 |
| STATE OF MARYLAND and THE ATTORNEY GENERAL OF THE STATE OF MARYLAND | * * | |
| Respondents | * | |

***

## MEMORANDUM

Vasiliy Evstegneev filed this Petition for Writ of Habeas Corpus pro se on June 16, 2017, challenging his pretrial detention together with a Motion to Proceed in Forma Pauperis. Evstegneev's financial information shows he is indigent and leave to proceed in forma pauperis will be granted.

Evstegneev, who is detained at the Jennifer Road Detention Center in Annapolis, is charged with disarming a law officer, second degree assault, reckless endangerment, resisting arrest, and disorderly conduct in the Circuit Court for Anne Arundel County in criminal action C-020CR-15-97. ECF 1; *See also* http://casesearch.courts.state. md.us/casesearchinquiryDetail .jis?caseId (last visited July 12, 2017). The Maryland Judiciary Case Search shows Evstegneev initially appeared before the Circuit Court on August 24, 2015, and proceedings were postponed. On November 16, 2016, Evstegneev was determined competent to stand trial. Another competency hearing, however, is scheduled for January 2, 2018. *Id*. Evstegneev is represented in his criminal proceedings by an attorney in the Office of the Public Defender. *Id.*

In the instant petition, Evstegneev disputes his pre-trial confinement, asserts he does not

have a mental illness, and appears to argue his right to a speedy trial is being violated. ECF 1. He asks for his state trial to proceed as soon as possible and to be assigned an interpreter. *Id.* Since Evstegneev, who submitted this petition on a court-approved printed § 2254 form, is challenging his pre-trial detention rather than a state conviction, the court will treat the petition as filed pursuant to 28 U.S.C. § 2241.

Section 2241 provides a remedy for any person held in violation of the Constitution, laws, or treaties of the United States "regardless of whether a final judgment has been rendered and regardless of the status of the case pending against him." *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987); *see* 28 U.S.C. § 2241(c)(3); *Thomas v. Crosby*, 371 F.3d 782, 786 (11th Cir. 2004) (§ 2241 applies to state pretrial detainees). Although 28 U.S.C. § 2241 does not contain a statutory exhaustion requirement, courts have typically required prisoners to exhaust their administrative remedies prior to seeking habeas review under § 2241 in order to comport with principles of comity and federalism. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490 (1973) (requiring exhaustion in 28 U.S.C. § 2241 matters); *Timms v. Johns*, 627 F.3d 525, 530 (4th Cir. 2010) (explaining exhaustion requirements); *Carmona v. U.S. Bureau of Prisons,* 243 F.3d 629, 634 (2d Cir. 2001); *Moore v. De Young*, 515 F.2d 437, 442–43 (3d Cir. 1975). Further, in the absence of extraordinary circumstances not alleged here, federal courts abstain from considering claims of pretrial detainees where a petitioner can raise his claims through the course of the state criminal process. *See Younger v. Harris*, 401 U.S. 37, 44 (1971). Federal district courts should abstain from constitutional challenges to state judicial proceedings, regardless of a claim's merits, if the federal claims could be presented in the ongoing state judicial proceeding. *See Cinema Blue of Charlotte, Inc. v. Gilchrist,* 887 F.2d 49, 52–53 (4th Cir.

1989).

Evstegneev provides no evidence that he has exhausted his state court remedies or shown that such remedies are unavailable to him to address his claims. ECF No. 1. As noted, he is represented by counsel who can assist him in raising his claims in the state courts. The petition will be dismissed without prejudice for lack of exhaustion.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Buck v. Davis*, _ U.S._, 137 S. Ct. 759, 773 (February 22, 2017) (citing *Miller-El v. Cockerell*, 537 U.S. 322, 336 (2003)). Insofar as a certificate of appealability may be required to appeal this decision, the legal standard for issuance has not been met and the court declines to issue a certificate of appealability.

For these reasons, the court will dismiss the petition without prejudice in a separate order, which follows.


July 12, 2017  
Date

_____/s/_____  
James K. Bredar  
United States District Judge